THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY W. AND E. MARIE PETTIE,<br><br>Plaintiffs,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, a corporation, WELLS FARGO (Master Servicer), FIRST HORIZON HOME LOAN CORPORATION, GERALD L. BAKER, FEDERAL RESERVE BANK, JANET L. YELLEN, and JOHN AND JANE DOES (1-25)<br><br>Defendants. | Case No. 3:08-cv-05089 RBL<br><br>ORDER GRANTING DEFENDANT SAXON MORTGAGE'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on Defendant Saxon Mortgage's Motion to Dismiss or for a More Definite Statement. [Dkt. # 16] The Court has considered the Motion, Plaintiffs' Response, and Saxon's Reply. [Dkts. # 16, 19, 20] For the reasons explained below, the Court GRANTS Saxon's motion for summary judgment on Plaintiffs' TILA claims and GRANTS Plaintiffs leave to amend their complaint to add a RESPA claim against Defendant Saxon Mortgage.

**BACKGROUND**

On February 23, 2007, Plaintiffs Roy and Marie Pettie refinanced their existing debt with a $364,000.00 loan from Defendant First Horizon secured by a deed of trust encumbering Plaintiffs' real property located at 12208 118th Avenue, Puyallup, Washington. Under the deed of trust, the borrowers

ORDER
Page - 1

are Roy and Marie Pettie, the lender is First Horizon, and the beneficiary is Mortgage Electronic Registration Systems, Inc. solely as nominee for First Horizon. Defendant Saxon Mortgage Services services the Petties' loan.

On February 14, 2008 Plaintiffs filed suit for rescission of the contract and damages under the Truth in Lending Act (TILA). [Amended Complaint Dkt. # 10] Plaintiffs claim that Defendants failed to provide documents and disclosures required by TILA. *Id.* Defendant Saxon moves for summary judgment or a more definite statement, arguing that as a servicer of the loan, they are not liable to Plaintiffs under TILA. [Dkt. # 16] Plaintiffs respond by asserting a new claim against Saxon under the Real Estate Settlement Procedures Act (RESPA). [Dkt. # 19]

## DISCUSSION

**A. Defendant Saxon's Motion for Summary Judgment or a More Definite Statement**

Plaintiffs brought suit against defendant Saxon for violations of TILA. [Amended Complaint Dkt. # 10] Defendant Saxon responds that as a servicer of the loan, and not a creditor, it is not liable under TILA. [Dkt. # 16]

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). The moving party is entitled to summary judgment if, after satisfying its initial burden, the non-moving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable finder of fact could return a decision in the nonmoving party's favor. *Triton Energy*, 68 F.3d at 1220.

Civil liability under TILA only applies to creditors, not servicers. 15 U.S.C. § 1640(a). A creditor is someone who "(1) regularly extends... consumer credit," and "(2) is the person to whom the debt ... is initially payable on the face of the indebtedness, or if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f). Conversely, a servicer is the party receiving periodic payments from the borrower and applying them to the beneficiary. 12 U.S.C. § 2605(i)(3).

Plaintiffs admit in their response that Saxon is not a creditor, but a servicer. [Dkt. # 19] Plaintiffs also did not respond to Saxon's motion for a more definite statement as to any cause of action under TILA in their Amended Complaint. [Dkt. # 19] Therefore, Plaintiffs cannot seek relief against Saxon under TILA as a matter of law. Plaintiffs' TILA claims against Defendant Saxon are DISMISSED.

## B. Plaintiffs' Request for Leave to Amend their Complaint

Plaintiffs assert a claim against Defendant Saxon Mortgage Services under the Real Estate Settlement Procedures Act (RESPA) for the first time in their response to Saxon's motion for summary judgment. [Dkt. # 19] Defendant Saxon does not oppose Plaintiffs' request to amend, and replies that this new claim allows Plaintiffs to attempt to add a cause of action to a Second Amended Complaint. [Dkt. # 20]

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Id*. Prejudice is the most important of these factors and the "prejudice must be substantial" in order for leave to be denied. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Defendant Saxon Mortgage has not alleged that allowing Plaintiffs to amend their Complaint would cause any prejudice, create undue delay, is futile, or was sought in bad faith. [Dkt. # 20] Indeed, Saxon recognizes in their reply to Plaintiff's response that Plaintiffs may seek to add to their claims. *Id*.

Plaintiffs are GRANTED leave to amend their complaint to add a RESPA claim against Defendant Saxon Mortgage.

## CONCLUSION

Defendant Saxon Mortgage's motion for summary judgment on Plaintiff's TILA claims is GRANTED. The Court GRANTS Plaintiffs leave to amend their complaint to add a RESPA claim against Saxon Mortgage Services.

IT IS SO ORDERED.

DATED this 8th day of October, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE