HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY W. PETTIE, and E. MARIE PETTIE, <br><br> Plaintiffs, <br><br> v. <br><br> SAXON MORTGAGE SERVICES, WELLS FARGO, FIRST HORIZON HOME LOAN CORPORATION, GERALD L. BAKER, FEDERAL RESERVE BANK, JANET L. YELLEN, and JOHN AND JANE DOES (1-25), <br><br> Defendants. | Case No. C08-5089RBL <br><br><br> ORDER DENYING SAXON MORTGAGE SERVICES' MOTION FOR INVOLUNTARY DISMISSAL |

THIS MATTER comes before the Court on Defendant Saxon Mortgage Services' Motion for Involuntary Dismissal [Dkt. #22]. The Court has reviewed the materials submitted in support of, and in opposition to, the motion. For the following reasons, the motion to dismiss is DENIED.

## **BACKGROUND**

The relevant facts are uncontested. Plaintiffs brought this case *pro se*. On March 27, 2008, they filed a motion for leave to amend their original complaint [Dkt. #6]. The Court granted the motion [Dkt. #8] on May 7, and Plaintiffs' First Amended Complaint [Dkt. #10] was submitted to the Court on May 22.

ORDER
Page - 1

On August 14, Saxon Mortgage Services (Saxon) filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [Dkt. #16]. Rather than address the substance of that motion to dismiss, Plaintiffs requested leave to amend their complaint and add a claim under the Real Estate Settlement Procedures Act (RESPA). The Court granted such leave to amend on October 8. Approximately one and one-half months later, on November 24, Saxon filed this motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b). The motion is based primarily on the fact that, when the motion was filed, Plaintiffs had not yet filed a second amended complaint. Saxon further argues that Plaintiffs failed to prosecute the case because they knew about the requirements for a RESPA claim since January 2008. On December 15, Plaintiffs filed a Response to Saxon's Motion to Dismiss [Dkt. #23] and their Second Amended Complaint [Dkt. #25].

## **ANALYSIS**

Fed. R. Civ. P. 41(b) permits dismissal where a party "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." The Court weighs five factors to determine if involuntary dismissal for want of prosecution is proper pursuant to Rule 41(b). Specifically, the Court considers "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

On balance, these five factors weigh against dismissal. Saxon's analysis universally underestimates the magnitude of Plaintiffs' assertion that they are not attorneys. It is certainly true that *pro se* plaintiffs should not, and will not, be allowed to trample roughshod over the Court's rules. It is also true that Plaintiffs' conduct has not been nearly egregious enough to warrant dismissal. Dismissal with prejudice under Rule 41(b) is a serious sanction that should be reserved for outrageous situations. Here, Plaintiffs have no pattern of tardiness and Saxon has not alleged any additional misconduct. The sole allegation

against them is failure to comply with one Court order.[1] That order, however, did not specify a due date. Plaintiffs' delay, if anything, violated common sense and the general need for diligence. In the grand scheme of this case, the expeditious resolution of litigation has not been substantially impeded by Plaintiffs' late filing. Likewise, the Court's ability to manage its docket has not been jeopardized. Indeed, the Court has already issued an Order Granting Defendant First Horizon Home Loans Corporation's Motion to Continue Case Schedule [Dkt. #31]. Saxon has alleged significant prejudice, a factor the Court weighs heavily. The vast majority of the prejudice alleged by Saxon, however, is mere delay. Further, expenditures for continued litigation do little to establish prejudice. Saxon's underlying ability to effectively defend itself has not been lessened. Finally, Saxon alleges that the public policy favoring disposition of cases on the merits does not preclude dismissal when the other factors strongly favor dismissal. *Yourish*, 191 F.3d at 992. Here, the other factors do not favor dismissal. Moreover, this factor's significance is even greater in the context of *pro se* litigants. The Court need not consider whether less drastic alternatives exist, because it would be inappropriate to issue any sanctions in these circumstances.

## CONCLUSION

For the foregoing reasons, Defendant Saxon's Motion to Dismiss [Dkt. #22] is DENIED. Saxon's responsive pleading to the Second Amended Complaint is due February 27, 2009.

Dated this 20th day of February, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] Saxon's allegation that Plaintiffs knew the facts necessary for a RESPA claim since January 2008 is intimately related to the late filing and will be treated as such. The Court granted Plaintiffs' Motion for Leave to Amend, the fact that Saxon believes Plaintiffs should have filed a RESPA claim one year ago is not independently significant.