HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY W. and E. MARIE PETTIE,
                    Plaintiff,

            v.

SAXON MORTGAGE SERVICES, a
corporation, WELLS FARGO (Master
Servicer), FIRST HORIZON HOME LOAN
CORPORATION, GERALD L. BAKER,
FEDERAL RESERVE BANK, JANET L.
YELLEN AND JOHN AND JANE DOES (1-
25),
                    Defendant.

Case No. C08-5089RBL

ORDER DISMISSING PLAINTIFFS'
SECOND AMENDED COMPLAINT

        THIS MATTER is before the Court on Defendant Saxon Mortgage Services' Motion to Dismiss the

Plaintiffs' Second Amended Complaint [Dkt. #34].  For the reasons set forth below, the motion is

GRANTED.

                                    **I. Introduction**

        Pro se Plaintiffs Roy and Marie Pettie assert a claim under the Real Estate Investment Protection

Act ("RESPA") for damages resulting from Defendant's alleged failure to provide Plaintiffs with

documentation regarding a loan it was servicing.  Defendant moved to dismiss the Second Amended

Complaint, alleging that Plaintiffs' right to bring a RESPA claim was never triggered. Plaintiffs' RESPA claim against Defendant Saxon Mortgage Services ("Saxon") is the sole remaining claim in this action.

## II. Facts

On February 23, 2007, Plaintiffs refinanced their existing home mortgage debt through a $364,500 loan from First Horizon Home Loan Corporation ("First Horizon") [Dkt. #25]. The loan was secured by a deed of trust on Plaintiffs' real property, located at 12208 118th Ave., Puyallup, Washington. *Id*. First Horizon later transferred the servicing of the loan to Saxon. *Id*. Plaintiffs failed to make the required payments on the loan from November 1, 2007 to February 14, 2008 [Dkt. #35, Ex. D. p., 4].

On January 7, 2008, Plaintiffs sent a letter to Saxon disputing the amount owed on the loan and requesting 26 sets of documents ("Inquiry Letter") [Dkt. #35, Ex. C. p., 3]. Plaintiffs' letter claimed that it (the Inquiry Letter) constituted a "qualified written request" under by RESPA §2605(e)[1]. Plaintiffs' Inquiry Letter did not articulate why they believed the debt calculation was incorrect.

Plaintiffs sent an additional letter (the "Rescission Letter") on the same day, demanding rescission of the loan agreement and the removal of the encumbrance on their real property under the Truth in Lending Act ("TILA").

Saxon responded to both letters on February 14, 2008, by providing Plaintiffs with 55 pages of documentation. Saxon also told Plaintiffs where they could locate additional information available on the company's website. Saxon explained that ceratin requested documents, including the master pooling agreement, the master servicing agreement, the primary servicing agreement, the default servicing agreement, and the sub-servicing agreement, were not available because those agreements were privileged and confidential [Dkt. #35, Ex. D. p., 5]. To assist Plaintiffs in gathering additional information regarding their loan dispute, Saxon also provided the phone number for its customer service department.

---

[1]As is discussed below, a "qualified written request" to a servicer of a loan imposes on a lender certain duties to respond and to provide documentation under RESPA §2605(e). To constitute a qualified written request under RESPA § 2605(e), a letter must include the name and account of the borrower as well as a statement of reasons for believing the account is in error. *Id*.

Defendant's motion addresses Plaintiffs' Second Amended Complaint, which asserts RESPA violations against Saxon. Plaintiffs' First Amended Complaint was previously dismissed on summary judgment [Dkt. #21]. The Court's order effectively limited Plaintiffs' possible claims in this action solely to RESPA violations asserted against Saxon[2]. *Id.*

## II. Discussion

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*. at 1974.

### A. Plaintiffs' Inquiry Letter is not a "qualified written request" under RESPA §2605(e)

Plaintiffs argue that they submitted a "qualified written request" under RESPA §2605(e)(1)(B) by sending the Inquiry Letter to Saxon on January 7, 2008. Plaintiffs argue that because the Inquiry Letter complied with RESPA, Saxon had a duty to respond to "questions posed in the [Inquiry] Letter" as well as forward the letters to First Horizon [Dkt. #25]. Plaintiffs argue that by withholding certain documents and by failing to forward the letters to First Horizon, they have sustained damages recoverable under

---

[2]The First Amended Complaint included a claim under the Truth in Lending Act ("TILA"). That complaint was dismissed, though the Court permitted Plaintiffs to add a RESPA claim against Defendant Saxon Mortgage Services. *Id.* While Plaintiffs again assert TILA claims against multiple defendants, the Court will not address those claims as they are foreclosed by order of the Court.

RESPA. Plaintiffs further argue that by not complying with their rescission request–by Saxon not refunding all money paid to it by Plaintiffs–Saxon has again violated RESPA.

RESPA defines a "qualified written request" as including, among other things, "a statement of the *reasons* for the belief of the borrower, to the extent applicable, that the account is in error." RESPA §2605(e)(1)(B) (emphasis added). Plaintiffs' Inquiry Letter provided no such statement. Instead it said: "we dispute the amount that is owed according to the Monthly Billing Statement and request that you send us information about fees, costs and escrow accounting on our loan. This is a 'qualified written request' pursuant to the Real Estate Settlement Procedures Act (section 2605(e))" [Dkt. #35, Ex. C. p., 3]. No where in the Inquiry Letter do Plaintiffs offer any reasons for their dispute of the amount due on the loan. RESPA §2605(e)(1)(B) clearly requires that a disputing party give specific "reasons" for claiming that an account is in error. Plaintiffs offer no reason why the clear and unambiguous meaning of the statute should not govern this case. Nor do they cite to any case law interpreting RESPA §2605(e)(1)(B) in another light[3]. Allowing borrowers to allege error without justification for their belief for such error would permit frivolous requests for document production at the expense of loan and servicing companies. Because Plaintiffs failed to provide any statement of reasons for their dispute of the loan amount, their Inquiry Letter does not constitute a qualified written request under RESPA. Therefore, Plaintiffs lack any cognizable legal theory against Saxon and as such their complaint must be DISMISSED.

**B. Rescission is unavailable under RESPA**

---

[3]In fact, the case law interpreting what constitutes a qualified written request has required that all elements be present. *See e.g.*, *Kee v. Fifth Third Bank*, No. 735048, slip op. at 4 (D. Utah, Mar. 18, 2009) (finding a letter sent to lender's attorney instead of directly to lender as not a qualified written request); *Morilus v. Countrywide Home Loans, Inc.*, 2007 WL 1810676 at 3 (E.D.Pa. June 20, 2007) (same); *Harris v. Am. Gen. Fin., Inc.*, 2007 WL 4393818 (10 th Cir. 2007) (finding a letter did not constitute a qualified written request because it lacked loan account numbers, a request for information and a statement that the borrower's account was in error).

Plaintiffs' Second Amended Complaint requests rescission of the loan agreement under RESPA[4]. [Dkt. #25]. This argument is without merit. While Plaintiffs do not expressly argue for rescission in their response to Defendant's motion, they do argue that Saxon was at fault for not forwarding the Rescission Letter to First Horizon. However, rescission is not available under RESPA. RESPA provides limited remedies including actual damages and additional monetary damages at the Court's discretion, not exceeding $1,000. RESPA § 2605(f). While rescission is an available remedy under 15 U.S.C. § 1635 and Regulation Z § 226.23 (as noted by Plaintiffs), this Court previously limited Plaintiffs' claims to only those arising under RESPA against Saxon[5]. Because Plaintiffs cannot establish a cognizable legal theory for rescission under RESPA their claim must be DISMISSED.

### C. Saxon had no duty to forward the letters to First Horizon

Plaintiffs seem to argue that Saxon is liable for failing to forward Plaintiffs' letters to First Horizon [Dkt. #40]. This argument is misplaced. Because Plaintiffs fail to establish the existence of a qualified written request within the meaning of RESPA, Saxon had no duty to act in response to the letters in any way[6]. Moreover, nothing in RESPA would have created a duty for Saxon to forward the letters to First Horizon, even if Plaintiffs' letters had constituted a qualified written request within the meaning of the statute. Again, because Plaintiffs' letter was not a qualified written request under RESPA, they have failed to establish a cognizable legal theory and their complaint must be DISMISSED.

### D. In any event, Saxon properly responded as required under RESPA §2605(e)(2)(C)

---

[4]Plaintiffs do not argue for rescission in their response to Defendant's motion. However, because Plaintiffs raise an argument for rescission in their Second Amended Complaint (the only statute under which they may currently pursue claims), the Court briefly addresses this argument.

[5]Moreover, rescission of the loan agreement would first require Plaintiffs to tender the loan proceeds of $364,500 back to First Horizon. Plaintiffs do not contend that they have complied with this requirement.

[6]The only duties created by RESPA §2605(e) (the section dealing with servicers of loans) are contingent upon the borrower submitting a qualified written request within the meaning of RESPA §2605(e)(1)(B).

RESPA §2605(e)(2)(C) allows a servicer to respond to a borrower's qualified written request within 60 days by conducting an investigation and responding with production of the requested information or an explanation of why the information is unavailable[7]. It is undisputed that Saxon responded with 55 pages of information requested by Plaintiffs on February 14, 2008, well within the 60-day period [Dkt. #35, Ex. D. p., 3]. In that response, Saxon explained that it could not provide the other requested information because that information was privileged and/or confidential. *Id*. Because Saxon's response was in compliance with RESPA §2605(e)(2)(C) the damages provision of §2605(f) was never triggered. Therefore, even if the Inquiry Letter constituted a qualified written request, Plaintiffs fail to establish a cognizable legal theory supporting damages under RESPA, and as such their complaint must be DISMISSED.

### III. Conclusion

Plaintiffs failed to establish that they ever sent a qualified written request to Saxon disputing their loan. Without a qualified written request, Saxon has no duty to produce any documentation whatsoever under RESPA. Even if the Inquiry Letter constituted a qualified written request, which it does not, Saxon responded as would have been required under RESPA. Because Plaintiffs fail to establish a cognizable legal theory for their only remaining claim, their second amended complaint [Dkt. #25] is DISMISSED.

Dated this 12th day of May, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[7]The servicer must also provide the borrower with a phone number to call in the event that the borrower requires further assistance. Saxon satisfied this requirement by providing the phone number to its customer service department.